IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| YOKO CASADOS, | ) | CIVIL NO. 13-00283 LEK-RLP |
|       Plaintiff, | ) | |
|   vs. | ) | |
| LORI A. DRURY; AMERITAS LIFE INSURANCE CORP.; DIANE PEREZ; GRACE CASADOS MARTINEZ; PETRA WILLIAMS; PATRICIA DIANE JACOBS; ESTATE OF SAMUEL FRANCISCO CASADOS; JOHN and/or JANE DOES 1-20; DOE ENTITIES 1-10, | ) | |
|       Defendants. | ) | |

**ORDER DENYING DEFENDANTS AMERITAS LIFE INSURANCE CORP. AND LORI R. DRURY'S MOTION FOR RECONSIDERATION AND/OR CLARIFICATION OF ORDER GRANTING COUNTERCLAIM DEFENDANTS LISA ANN CASADOS AND YOKO CASADOS' MOTION TO DISMISS COUNTERCLAIM FILED ON OCTOBER 17, 2013, AS TO COUNTERCLAIM DEFENDANTS CHARLES LEE CASADOS AND LISA ANN CASADOS, ORDER FILED APRIL 30, 2014**

On April 30, 2014, this Court issued its Order Granting Counterclaim Defendants Lisa Ann Casados and Yoko Casados' Motion to Dismiss Counterclaim Filed on October 17, 2013, as to Counterclaim Defendants Charles Lee Casados and Lisa Ann Casados ("4/30/14 Order").[1] [Dkt. no. 84.[2]] On May 9, 2014, Defendants Ameritas Life Insurance Corp. and Lori R. Drury (collectively "the Ameritas Defendants") filed their Motion for Reconsideration

---

[1] Plaintiff Yoko Casados, and Lisa Ann Casados filed their Motion to Dismiss Counterclaim ("Motion to Dismiss") on January 16, 2014. [Dkt. no. 56.]

[2] The 4/30/14 Order is also available at 2014 WL 1744765.

and/or Clarification of Order Granting Counterclaim Defendants
Lisa Ann Casados and Yoko Casados' Motion to Dismiss Counterclaim
Filed on October 17, 2013, as to Counterclaim Defendants
Charles Lee Casados and Lisa Ann Casados, Order Filed April 30,
2014 ("Motion for Reconsideration").  [Dkt. no. 86.]
Counterclaim Defendants Lisa Ann Casados ("Lisa Ann Casados") and
Yoko Casados ("Plaintiff") filed their memorandum in opposition
on May 23, 2014, and the Ameritas Defendants filed their reply on
May 30, 2014.  [Dkt. nos. 93, 95.]  The Court finds this matter
suitable for disposition without a hearing pursuant to Rule
LR7.2(d) and (e) of the Local Rules of Practice of the United
States District Court for the District of Hawai`i ("Local
Rules").  After careful consideration of the Motion for
Reconsideration, supporting and opposing memoranda, and the
relevant legal authority, the Ameritas Defendants' Motion for
Reconsideration is HEREBY DENIED for the reasons set forth below.

## BACKGROUND

The relevant factual and procedural background are set forth in the 4/30/14 Order.  The Court will only discuss the background that is relevant to the instant Motion for Reconsideration.

In the 4/30/14 Order, this Court, *inter alia*:

- Found that the Ameritas Defendants did not have standing, including under the Declaratory Judgment Act, to assert the rights of Lisa Ann Casados and Charles Lee Casados (collectively, "the Casados Children"); [4/30/14 Order, 2014

2

WL 1744765, at *5-6;]

- Found that the Ameritas Defendants could not bring a counterclaim against the Casados Children, and that they did not make a showing that the Casados Children should be joined in this action; [id. at *6-8;] and

- Granted the Motion to Dismiss, but gave the Ameritas Defendants the option of seeking leave to amend their counterclaim [id. at *8].

In the instant Motion for Reconsideration, the Ameritas Defendants argue that the second adverse ruling listed above was the result of erroneous applications of the law,[3] and request clarification of the final adverse ruling.

## **STANDARD**

In order to obtain reconsideration of the 4/30/14 Order, the Ameritas Defendants' Motion for Reconsideration "'must accomplish two goals. First, a motion for reconsideration must demonstrate reasons why the court should reconsider its prior decision. Second, a motion for reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.'" See Davis v. Abercrombie, Civil No. 11-00144 LEK-BMK, 2014 WL 2468348, at *2 (D. Hawai`i June 2, 2014) (quoting Donaldson v. Liberty Mut. Ins. Co., 947 F. Supp. 429, 430 (D. Hawai`i 1996)). This district court recognizes

---

[3] In their reply, the Ameritas Defendants argue for the first time that the first adverse ruling, regarding standing, was erroneous. [Reply at 10-13.] This is improper, and the Court disregards the argument. See Local Rule LR7.4 ("Any argument raised for the first time in the reply shall be disregarded.").

three circumstances where it is proper to grant reconsideration of an order: "(1) when there has been an intervening change of controlling law; (2) new evidence has come to light; or (3) when necessary to correct a clear error or prevent manifest injustice." Tierney v. Alo, Civ. No. 12-00059 SOM/KSC, 2013 WL 1858585, at *1 (D. Hawai`i May 1, 2013) (citing School District No. 1J v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993)).

**DISCUSSION**

**I. Joinder under Fed. R. Civ. P. 13**

As a preliminary matter, the Ameritas Defendants point out that the Court misquoted their memorandum in opposition to the Motion to Dismiss as stating that the Ameritas Defendants attempted to join the Casados Children as counterclaim defendants "as permitted by FRCP 13(b) and 19 and 20[.]" [Mem. in Supp. of Motion for Reconsideration at 2.] They are correct insofar as the 4/30/14 Order included a typographical error and should have read, "FRCP 13(h) and 19 and 20," and the Court will amend the 4/30/14 Order accordingly.[4]

The Ameritas Defendants also argue that the Court erred in applying Fed. R. Civ. P 13(a) and (b) to determine whether the Ameritas Defendants had properly brought a counterclaim against

---

[4] Plaintiff and Lisa Ann Casados are correct that the Ameritas Defendants misstated their own position as attempting to join the Casados Children as permitted by "'FRCP 13(**h**) and 19 **or** 20.'" See Mem. in Opp. at 6-7 (emphasis in Mem. in Supp. of Motion for Reconsideration) (quoting Mem. in Supp. at 3).

4

the Casados Children because they did not argue they were bringing the Counterclaim against the Casados Children under those subsections. [Mem. in Supp. of Motion for Reconsideration at 6-9.] As a practical matter, it makes no difference that the Court provided analysis under Rule 13(a) and (b), since it also applied Rule 13(h) as well. See 4/30/14 Order, 2014 WL 1744765, at *7-8. Thus, even if the analysis under Rule 13(a) and (b) was incorrect, or addressed additional arguments not made by counsel, the Court finds that reconsideration of this portion of the 4/30/14 Order would not be "necessary to correct a clear error or prevent manifest injustice." See Sch. Dist. No. 1J, 5 F.3d at 1262.

Further, the Court is unpersuaded by the Ameritas Defendants' attempt to rest on the argument that "FRCP 13(**h**) has authorized defendants to join new parties as counterclaim defendants since the FRCP took effect in 1938." [Mem. in Supp. of Motion for Reconsideration at 3 (emphasis in original).] While this may be a correct statement of the law, the Ameritas Defendants have not convincingly shown – in their memoranda supporting the Motion for Reconsideration or in their opposition to the Motion to Dismiss – that they are properly attempting to join the Casados Children, even if Rule 13(h) authorizes joinder

of additional parties in certain circumstances.[5]

Rule 13(h) states: "Rules 19 and 20 govern the addition of a person as a party to a counterclaim or crossclaim." The plain reading of the rule shows that the proper use of Rule 13(h) is to bring a counterclaim against a party and then add a non-party to the same claim. As one federal district court recently explained, "Rule 13(h) was redrafted in 1966, to 'mak[e] it clear that if a counterclaim or crossclaim has been properly asserted, then any person whose joinder in the original action would have been possible . . . may be added as a party to the counterclaim or crossclaim.'" Levine v. Landy, 860 F. Supp. 2d 184, 187-88 (N.D.N.Y. 2012) (quoting 6 Charles Alan Wright et al., Federal Practice and Procedure § 1434 (3d ed. 2012)).

Here, it is not clear that the Ameritas Defendants have brought a proper counterclaim against Plaintiff, and then brought

---

[5] The Court also notes that, other than arguing that they had a right to bring the Counterclaim under the Declaratory Judgment Act, and citing a single case, the Ameritas Defendants provided no legal support – under any rule, statute, or case law, beyond two unsupported references to the Federal Rules of Civil Procedure – for their position that the Motion to Dismiss should be denied. The attempt to rectify this inadequacy in a motion for reconsideration is not looked favorably upon by this Court. See, e.g., Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) ("A motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." (citation and internal quotation marks omitted)).

in the Casados Children to the same claim.  The basis for the
Counterclaim is that the Casados Children may, at some future
time bring a lawsuit, arguing a right to some of the proceeds
("the Proceeds") of Mr. Casados's insurance policy ("the
Policy").  If they do, the Ameritas Defendants contend that the
Casados Children must recover from Plaintiff, as representative
of Mr. Casados's estate.  <u>See</u> Counterclaim at ¶ 18.  It appears
that the Ameritas Defendants are attempting to bring a claim
against third-parties, the Casados Children, and then include
Plaintiff in that claim to ensure complete relief, which inverts
the requirements of Rule 13(h).  The Ameritas Defendants do not
broach this threshold legal issue in any of their memoranda.

The Ameritas Defendants have failed to show that it was
an error of law for this Court to find that the Ameritas
Defendants could not bring a counterclaim under Fed. R. Civ. P.
13 against the Casados Children and that reconsideration is
"necessary to correct a clear error or prevent manifest
injustice."  The Court, however, will amend the 4/30/14 Order to
clarify that its analysis did not foreclose the Ameritas
Defendants from joining the Casados Children upon a proper
showing that they satisfied Rule 13(h) and Rule 19 or 20.

**II.  <u>Joinder under Fed. R. Civ. P. 19 and 20</u>**

The Ameritas Defendants also argue that the Court erred
in making it appear that under Fed. R. Civ. P. 13(h), the

7

Ameritas Defendants needed to "meet FRCP 19's required joinder standard" to join the Casados Children. [Mem. in Supp. of Motion for Reconsideration at 9.] The Ameritas Defendants are correct that the Court did not expressly consider whether the Casados Children could be joined under Fed. R. Civ. P. 20. The Court notes that permissive joinder is just that – permissive – so it is in the Court's discretion whether or not to grant joinder under Rule 20.[6]

Even if it had considered joinder under Rule 20, the Court would have rejected it. The crux of Plaintiff's complaint is that the Ameritas Defendants owed a duty to Plaintiff not to disburse the Proceeds until her claim to the Proceeds was adequately resolved. Contrary to the Ameritas Defendants' arguments, the focal point of this litigation is on the Ameritas Defendants' obligations to Plaintiff in 2011, and not on Plaintiff's divorce proceedings in 2008-2010. The Ameritas Defendants make no showing of how the Casados Childrens' speculative, independent claims to a portion of the Proceeds would have anything to do with the transactions and occurrences

---

[6] The Court also agrees with Plaintiff and Lisa Ann Casados that "[t]o the extent that [the Ameritas Defendants' memorandum in support of the Motion for Reconsideration] now asserts **new** arguments under FRCP Rule 20's permissive joinder provisions that were not raised in its February 7, 2014, Memorandum in Opposition to [the Motion to Dismiss], this Court would also be within its sound discretion to disregard these arguments." [Mem. in Opp. at 8 (emphasis in original).]

between the Ameritas Defendants and Plaintiff and her counsel in 2011.[7]  See Fed. R. Civ. P. 20(a)(2)(A) (allowing permissive joinder where the third party's claims "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences" as the plaintiff's).  Thus, the Court DENIES the Motion for Reconsideration to the extent it argues that the Court erred in not expressly considering Rule 20 in the 4/30/14 Order.

III. **Leave to Amend**

The Ameritas Defendants argue that the Court's order providing them with "the option of 'seeking leave to amend' 'before the applicable deadline'" was "illusory" because the applicable deadline had already passed.[8]  [Mem. in Supp. of

---

[7] Cooper Development Co. v. Employers Insurance of Wausau, 765 F. Supp. 1429 (N.D. Cal. 1991), is not to the contrary.  The Ameritas Defendants' description and use of that case is incomplete at best and, possibly, disingenuous.  [Mem. in Supp. of Motion for Reconsideration at 9-10, 14; Reply at 3.]  In that case, the district court allowed an insurer to join as counterclaim defendants third-party companies that had already brought insurance claims on the exact same policies at issue in the complaint.  Thus, Cooper Development is readily distinguishable to this case where the Casados Children have made no claim, and have not intimated that they intend to do so.  Further, the district court in Cooper Development neither cited to, nor described the application of, Rule 20 and thus the case does not support the Ameritas Defendants' interpretation and application of that rule.

[8] In addition, the Ameritas Defendants argue that it was error for the Court to require them to request leave to amend to join the Casados Children.  [Mem. in Supp. of Motion for Reconsideration at 4-5.]  The cases they cite deny motions to strike or dismiss third parties as counterclaim defendants because the counterclaim plaintiffs did not request leave of
(continued...)

9

Motion for Reconsideration at 2 (quoting 4/30/14 Order, 2014 WL 1744765, at *8).]  Rather than moving to extend the deadline, the Ameritas Defendants chose to bring this Motion for Reconsideration.  To circumvent any perceived inequity in its ruling, the Court now grants the Ameritas Defendants sua sponte seven days to amend the Counterclaim.  Thus, the Ameritas Defendants have until July 8, 2014 to file their First Amended Counterclaim.

**CONCLUSION**

On the basis of the foregoing, the Ameritas Defendants' Motion for Reconsideration and/or Clarification of Order Granting Counterclaim Defendants Lisa Ann Casados and Yoko Casados' Motion to Dismiss Counterclaim Filed on October 17, 2013, as to Counterclaim Defendants Charles Lee Casados and Lisa Ann Casados, Order Filed April 30, 2014, filed on May 9, 2014, is HEREBY

---

[8](...continued)
court to add them.  They do not, however, find that it was error for the court to require a request to amend or join, and they also acknowledge that the decision to require a request is discretionary.  See, e.g., Northfield Ins. Co. v. Bender Shipbuilding & Repair Co., Inc., 122 F.R.D. 30, 32-33 (S.D. Ala. 1988) ("this Court is persuaded by the rationale set forth by Prof. Moore and by the Vermont Castings decision and is of the opinion that leave of court is not required by the Fed. R. of Civ. P. to join a previous non-party as a counterclaim defendant"); cf. AVCO Corp. v. Precision Airmotive LLC, No. 4:12-CV-01313, 2013 WL 1953307, at *3 (M.D. Pa. May 10, 2013) (finding leave not required, but noting that "'the general practice is to obtain a court order to join an additional party'" (quoting 6 Charles Wright & Arthur R. Miller, Federal Practice and Procedure § 1434 (3d ed.))).

DENIED.  This Court will amend the 4/30/14 Order to fix the one typographical error, and clarify the order.  Further, the Court GRANTS the Ameritas Defendants until July 8, 2014 to file their First Amended Counterclaim if they so choose.

    IT IS SO ORDERED.

    DATED AT HONOLULU, HAWAII, June 30, 2014.



    /s/ Leslie E. Kobayashi
    Leslie E. Kobayashi
    United States District Judge

**YOKO CASADOS VS. LORI A. DRURY, ET AL; CIVIL 13-00283 LEK-RLP; ORDER DENYING DEFENDANTS AMERITAS LIFE INSURANCE CORP. AND LORI R. DRURY'S MOTION FOR RECONSIDERATION AND/OR CLARIFICATION OF ORDER GRANTING COUNTERCLAIM DEFENDANTS LISA ANN CASADOS AND YOKO CASADOS' MOTION TO DISMISS COUNTERCLAIM FILED ON OCTOBER 17, 2013, AS TO COUNTERCLAIM DEFENDANTS CHARLES LEE CASADOS AND LISA ANN CASADOS, ORDER FILED APRIL 30, 2014**