IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| YOKO CASADOS, | ) | CIVIL NO. 13-00283 LEK-RLP |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| LORI A. DRURY; AMERITAS LIFE INSURANCE CORP.; DIANE PEREZ; GRACE CASADOS MARTINEZ; PETRA WILLIAMS; PATRICIA DIANE JACOBS; ESTATE OF SAMUEL FRANCISCO CASADOS; JOHN and/or JANE DOES 1-20; DOE ENTITIES 1-10, | ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER DENYING THE AMERITAS DEFENDANTS' MOTION FOR PARTIAL RECONSIDERATION OF ORDER GRANTING IN PART AND DENYING IN PART THE AMERITAS DEFENDANTS' MOTION FOR SUMMARY AND FINAL JUDGMENT, ORDER FILED JUNE 30, 2014 (DOCUMENT # 124)**

On June 30, 2014, this Court issued its Order Granting in Part and Denying in Part the Ameritas Defendants' Motion for Summary and Final Judgment ("6/30/14 Order").[1] [Dkt. no. 124.[2]] On July 14, 2014, the Ameritas Defendants filed a motion for partial reconsideration of the 6/30/14 Order ("Motion for Reconsideration"). [Dkt. no. 128.] The Court issued its summary ruling denying the Motion for Reconsideration on July 18, 2014.

---

[1] Defendants Ameritas Life Insurance Corp. ("Ameritas") and Lori A. Drury ("Drury," collectively "the Ameritas Defendants") filed their Motion for Summary and Final Judgment ("Summary Judgment Motion") on February 7, 2014. [Dkt. nos. 58-69.]

[2] The 6/30/14 Order is also available at 2014 WL 2968221.

[Dkt. no. 135.] The instant order is this Court's decision on the Motion for Reconsideration, and this order supercedes the July 18, 2014 summary ruling.

After careful consideration of the Motion for Reconsideration, the supporting memorandum, and the relevant legal authority, the Court HEREBY DENIES the Motion for Reconsideration because it is merely an impermissible rehash of its original arguments, and for the reasons set forth below.

## BACKGROUND

In the 6/30/14 Order, this Court, *inter alia*, granted summary judgment in favor of the Ameritas Defendants as to:

- Count I for bad faith, insofar as the Complaint alleged bad faith in violation of Haw. Rev. Stat. Chapter 431, and bad faith under Hawai`i common law against Drury;

- Count IV for conversion, against the Ameritas Defendants; and

- the Ameritas Defendants' Cross-Claim and the Casados Defendants' Cross-Claim.[3]

The Court denied summary judgment to the Ameritas Defendants as to:

- Count I for bad faith, insofar as the Complaint alleged bad faith under Hawai`i common law against Ameritas;

- Count III, for violation of Hawaii's Unfair and Deceptive Act or Practices ("UDAP") law against the Ameritas Defendants;

- the Ameritas Defendants' Counterclaim ("Counterclaim") against

---

[3] The Casados Defendants are Petra Williams, Grace Casados Martinez, Patricia Diane Jacobs, and the Estate of Samuel Francisco Casados. See 6/30/14 Order, 2014 WL 2968221, at *1 & n.2.

2

Plaintiff Yoko Casados ("Plaintiff");

- the Counterclaim against the Casados Children,[4] insofar as it is moot; and

- the Ameritas Defendants' request for final judgment on any of the claims.

6/30/14 Order, 2014 WL 2968221, at *11.

In the instant Motion for Reconsideration, the Ameritas Defendants argue that this Court's denials of summary judgment to the Ameritas Defendants on Counts I and III were manifest errors and should be reversed. They do not dispute the rulings in their favor and argue that the Summary Judgment Motion is moot as to the Counterclaim since they filed their First Amended Counterclaim on July 8, 2014.

## STANDARD

In order to obtain reconsideration of the 6/30/14 Order, the Ameritas Defendants' Motion for Reconsideration "'must accomplish two goals. First, a motion for reconsideration must demonstrate reasons why the court should reconsider its prior decision. Second, a motion for reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.'" See Davis v. Abercrombie, Civil No. 11-00144 LEK-BMK, 2014 WL 2468348, at *2 (D. Hawai`i June 2, 2014) (quoting Donaldson v. Liberty Mut. Ins. Co., 947 F. Supp. 429, 430 (D. Hawai`i 1996)). This district court recognizes

---

[4] The Casados Children are Charles Lee and Lisa Ann Casados.

three circumstances where it is proper to grant reconsideration of an order: "(1) when there has been an intervening change of controlling law; (2) new evidence has come to light; or (3) when necessary to correct a clear error or prevent manifest injustice." Tierney v. Alo, Civ. No. 12-00059 SOM/KSC, 2013 WL 1858585, at *1 (D. Hawai`i May 1, 2013) (citing School District No. 1J v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993)).

**DISCUSSION**

The Ameritas Defendants do not provide a standard of review in their memorandum in support of the Motion for Reconsideration, but it appears that they have brought the Motion for Reconsideration under the third ground for relief: that the court should reconsider the 6/30/14 Order to correct clear errors. Although they purport to point out errors, in essence, the Ameritas Defendants reargue the same points that the Court rejected in the 6/30/14 Order without clearly pointing out how exactly the Court erred, and raise new arguments based on the Court's conclusions, which could have been raised their memoranda in support of the Summary Judgment Motion. The Court CAUTIONS the Ameritas Defendants that a reconsideration motion is not a clean slate upon which movants are invited to reargue their briefs or to raise new arguments, and the Court need not consider these types of arguments. See, e.g., Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) ("A

4

motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." (citation and internal quotation marks omitted)); Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Am. Eurocopter Corp., NO. CV. 09-00136 DAE-LEK, 2009 WL 3424969, at *3 (D. Hawai`i Oct. 26, 2009) ("repetition of the same arguments does not meet the actual burden upon Plaintiff in a motion for reconsideration" (some citations omitted) (citing Backlund v. Barnhard, 778 F.2d 1386, 1388 (9th Cir. 1985)).[5] Though the Court could rest on the conclusion that the arguments in the Ameritas Defendants' memorandum are improper, it addresses the specific arguments for completeness as follows.

First, the Ameritas Defendants argue that the Court erred in finding that there was a genuine issue of material fact as to Plaintiff's bad faith claim because Plaintiff had no right to the Proceeds and thus the Ameritas Defendants' actions could not have caused Plaintiff any damage. [Mem. in Supp. of Motion

---

[5] The Ameritas Defendants also misstate the 6/30/14 Order in multiple places in an attempt to reargue points that the Court rejected. For example, they argue that the 6/30/14 Order does not address a purported disclaimer by Plaintiff of her claim to the insurance proceeds ("the Proceeds") at issue in the case. [Mem. in Supp. of Motion for Reconsideration at 5-6.] In fact, the Court expressly considered both the disclaimer itself and the communications surrounding the disclaimer as offered by both parties, and explicitly rejected the Ameritas Defendants' arguments. 2014 WL 2968221, at *7-8.

5

for Reconsideration at 6-9.] This simply is not what the law requires. Both the 6/30/14 Order and the Ameritas Defendants' memorandum in support of the Motion for Reconsideration cite Enoka v. AIG Hawaii Insurance Co., 109 Hawai`i 537, 128 P.3d 850 (2006). That case unequivocally states that a bad faith claim for insurance claim mishandling, like Plaintiff's, does not require that the claimant actually be covered under the policy:

> Although [International Brotherhood of Electrical Workers Local 1357 v. American International Adjustment Co., 955 F. Supp. 1218 (D. Haw. 1997), *aff'd mem.*, 142 F.3d 443 (9th Cir. 1998)] broadly held that an independent claim for breach of the covenant of good faith and fair dealing will not lie where there is no coverage liability on the underlying policy, its holding was premised on the reasoning that an insurer has no duty to investigate a claim that is excluded by the clear and unambiguous language in the insurance policy. Thus, it would follow that an insured could not recover for the tort of a bad faith failure to investigate where the insured could not establish liability on the part of the insurer on the underlying policy. Here, on the other hand, Enoka is essentially asserting that AIG acted in bad faith when it denied her claim for no-fault benefits on an invalid basis. In other words, Enoka's bad faith claim is premised upon AIG's alleged mishandling of her claim, which is distinguishable from a bad faith failure to investigate her claim. As this court stated in Best Place[, Inc. v. Penn America Insurance Co., 82 Hawai`i 120, 920 P.2d 334 (1996)], the insurer may commit bad faith, "whether the carrier pays the claim or not." 82 Hawai`i at 132, 920 P.2d at 346 (emphasis added); see also Francis v. Lee Enterprises, Inc., 89 Hawai`i 234, 971 P.2d 707 (1999) (noting that, in Best Place, "[w]e further explained that an action for the tort of 'bad faith' will lie . . . when an insurance company unreasonably handles or denies payment of a claim") (emphases added). Surely an insurer must

6

>     act in good faith in dealing with its insured and
>     in handling the insured's claim, even when the
>     policy clearly and unambiguously excludes
>     coverage.  Inasmuch as Enoka has alleged that AIG
>     handled the denial of her claim for no-fault
>     benefits in bad faith, we conclude that she is not
>     precluded from bringing her bad faith claim even
>     where there is no coverage liability on the
>     underlying policy.  Accordingly, we hold that the
>     trial court erred in determining that, because
>     Enoka's breach of contract claim failed, her bad
>     faith claim must fail.

Id. at 551-52, 128 P.3d at 864-65 (some alterations in Enoka) (emphasis omitted).

Plaintiff here is making a mishandling claim, not a failure to investigate claim, and thus she need not prove that she is entitled to the Proceeds.  In Enoka, the Hawai`i Supreme Court upheld the denial of the bad faith claim because it held that the insurer reasonably interpreted open issues of law.  Id. at 552-53, 128 P.3d at 865-66.  Here, the Court found in the 6/30/14 Order that there was a genuine issue of material fact as to whether the Ameritas Defendants acted in bad faith toward Plaintiff in communicating unequally with the parties, obfuscating the claim processing procedures, and disbursing the Proceeds while Plaintiff was pursuing her claim.  2014 WL 2968221, at *4-8.[6]  Thus, the Court did not err (let alone

---

[6] The cases the Ameritas Defendants cited in the Motion for Reconsideration, which were all decided prior to the 6/30/14 Order and thus should have been argued along with the Summary Judgment Motion, are not to the contrary.  See J.H. ex rel. Kirk v. Baldovinosre, Nos. 12-15372, 12-16242, 12-16411, 2014 WL
(continued...)

7

clearly err) in not reaching the issue of whether Plaintiff was actually entitled to the Proceeds, since the evidence she offered, taken in the light most favorable to Plaintiff, shows that she could prevail on her bad faith claim.[7]

Second, the Ameritas Defendants argue that Plaintiff's UDAP claim must fail because she has not suffered any injury. [Mem. in Supp. of Motion for Reconsideration at 9-10.] This is the first time that they have raised this argument and, therefore, the Court rejects it for that reason. See, e.g., Marlyn Nutraceuticals, 571 F.3d at 880. In addition, the cases that the Ameritas Defendants now cite, which were also available to them before the 6/30/14 Order, support the sufficiency of the evidence Plaintiff put forth in support of her UDAP claim, see,

---

[6](...continued)
3703026, at *1 (9th Cir. July 28, 2014) ("a district court has discretion not to consider an issue first raised in a motion for reconsideration" (citing Novato Fire Prot. Dist. v. United States, 181 F.3d 1135, 1141 n. 6 (9th Cir. 1999))). In Illinois National Insurance Co. v. Nordic PCL Construction, Inc., Civil No. 11-00515 SOM/KSC, 2012 WL 5386609, at *15-17 (D. Hawai`i Oct. 31, 2012), the district court found that, at best, the insurer's failure to pay was an error, and not done in bad faith. And, in Yano v. Government Employees Insurance Co., Civil No. 11-00745 SOM/BMK, 2012 WL 5037694, at *10 (D. Hawai`i Oct. 17, 2012), the district court found no evidence of mishandling of the claim. Thus, these cases, while consistent with Enoka, are distinguishable from this case.

[7] The Ameritas Defendants spend more than five additional pages rearguing the factual point that Plaintiff had no right to the Proceeds under the Policy. [Mem. in Supp. of Motion for Reconsideration at 10-16.] The Court did not reach this argument in the 6/30/14 Order and does not find it determinative for the reasons set forth above.

8

e.g., Hawaii Med. Ass'n v. Hawaii Med. Serv. Ass'n, 113 Hawai`i 77, 114 n.32, 148 P.3d 1179, 1216 n.32 (2006) (finding allegation that the plaintiff "was required to divert substantial resources and time" was sufficient to withstand motion to dismiss); cf. Flores v. Rawlings Co., LLC, 117 Hawai`i 153, 169, 177 P.3d 341, 357 (2008) (holding that "a plaintiff sufficiently alleges injury for purposes of standing by alleging that the plaintiff was made to pay money that was 'wrongfully induced'" (discussing Ai v. Frank Huff Agency, Ltd., 61 Haw. 607, 607 P.2d 1304 (1980)). Since the Court does not find that these cases support reconsideration, it rejects this argument.

Last, the Ameritas Defendants argue that the Court did not provide a proper legal basis for its finding that there is a genuine issue of material fact as to whether the Ameritas Defendants owed a good faith duty to Plaintiff as of at least February 2014. [Mem. in Supp. of Motion for Reconsideration at 16-19.] This is largely a reiteration of the first argument, which was improperly brought in the Motion for Reconsideration since it was previously rejected, see 6/30/14 Order, 2014 WL 2968221, at *3-7, and rejected again in this Order, see supra.

Substantively, Plaintiff provided evidence that, on multiple occasions, the Ameritas Defendants admitted that they should initiate an interpleader action; they did not do so, nor does it appear from the evidence that they actively investigated

9

the claim, but rather, viewed in the light most favorable to Plaintiff, they continued to communicate with the Casados Defendants and attempted to resolve the claim in their favor. Id. These facts are sufficient, under the case law set forth in the 6/30/14 Order, 2014 WL 2968221, at *3, for Plaintiff to raise a material dispute as to her bad faith claim. Thus, the Court rejects the Ameritas Defendants' argument that the Court clearly erred in reaching and supporting its finding.[8]

Since the Court finds no basis to reconsider the 6/30/14 Order, see Davis, 2014 WL 2468348, at *2, or any clear error or manifest injustice, see Tierney, 2013 WL 1858585, at *1, the Court DENIES the Motion for Reconsideration.

## **CONCLUSION**

On the basis of the foregoing, the Ameritas Defendants' "Motion for Partial Reconsideration of Order Granting in Part and Denying in Part the Ameritas Defendants' Motion for Summary and Final Judgment, Order Filed June 30, 2014 (Document # 124)," filed July 14, 2014, is HEREBY DENIED in its entirety.

IT IS SO ORDERED.

---

[8] The Court reminds the Ameritas Defendants that it is their duty to persuade the Court, by citing to relevant legal authority, that they should prevail, and the Court does not look favorably upon arguments that the Court failed to cite sufficient legal authority and that it misinterpreted the evidence before it, when they do not agree with the ruling.

DATED AT HONOLULU, HAWAII, July 31, 2014.



    /s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**YOKO CASADOS VS. LORI A. DRURY, ET AL; CIVIL 13-00283 LEK-RLP; ORDER DENYING THE AMERITAS DEFENDANTS' MOTION FOR PARTIAL RECONSIDERATION OF ORDER GRANTING IN PART AND DENYING IN PART THE AMERITAS DEFENDANTS' MOTION FOR SUMMARY AND FINAL JUDGMENT, ORDER FILED JUNE 30, 2014 (DOCUMENT # 124)**