IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| YOKO CASADOS, | ) | CIVIL NO. 13-00283 LEK-RLP |
| Plaintiff, | ) | |
| vs. | ) | |
| LORI A. DRURY; AMERITAS LIFE INSURANCE CORP.; DIANE PEREZ; GRACE CASADOS MARTINEZ; PETRA WILLIAMS; PATRICIA DIANE JACOBS; ESTATE OF SAMUEL FRANCISCO CASADOS; JOHN and/or JANE DOES 1-20; DOE ENTITIES 1-10, | ) | |
| Defendants. | ) | |

### AMENDED ORDER GRANTING COUNTERCLAIM DEFENDANTS LISA ANN CASADOS AND YOKO CASADOS' MOTION TO DISMISS COUNTERCLAIM FILED ON OCTOBER 17, 2013, AS TO COUNTERCLAIM DEFENDANTS CHARLES LEE CASADOS AND LISA ANN CASADOS

Before the Court is Counterclaim Defendants Lisa Ann Casados ("Lisa Ann Casados") and Yoko Casados' ("Plaintiff") Motion to Dismiss Counterclaim Filed on October 17, 2013, as to Counterclaim Defendants Charles Lee Casados and Lisa Ann Casados ("Motion"), filed January 16, 2014. [Dkt. no. 56.] Counterclaimants Ameritas Life Insurance Corp. ("Ameritas") and Lori A. Drury ("Drury," collectively "the Ameritas Defendants") filed their memorandum in opposition on February 7, 2014, and Plaintiff and Lisa Ann Casados filed their reply on March 3, 2014 ("Reply"). [Dkt. nos. 69, 72.] This matter came on for hearing on April 14, 2014. After careful consideration of the Motion,

supporting and opposing memoranda, and the arguments of counsel, the Motion is HEREBY GRANTED because the Ameritas Defendants lack standing and have improperly brought the counterclaim as set forth more fully below.

**BACKGROUND**

**I.   The Complaint**

On June 4, 2013, Plaintiff filed her Complaint for Damages ("Complaint") against Defendants Ameritas, Drury, Diane Perez ("Perez"), Petra Williams ("Williams"), Grace Casados Martinez ("Martinez"), Patricia Diane Jacobs ("Jacobs"), the Estate of Samuel Francisco Casados ("Estate of Samuel Casados"), and John and/or Jane Does 1-10 and Doe Entities 1-10 ("Doe Defendants"), asserting diversity jurisdiction. [Complaint at ¶¶ 2-4] Plaintiff is a Hawai`i resident and claims that she was married to Charles Casados ("Mr. Casados") "at all times pertinent hereto." [Id. at ¶ 5.] Drury is an employee of Ameritas, which is a Nebraska corporation. [Id. at ¶¶ 6-7.] Williams; Perez, Martinez, and Jacobs; and Samuel Casados ("the Casados Defendants") are the mother, two sisters,[1] and brother, respectively, of Mr. Casados and reside in Texas, with the exception of Williams, who resides in Oklahoma. [Id. at ¶¶ 8-

---

[1] In the memorandum in support of the Motion, Plaintiff states that Perez and Jacobs are actually the same person. [Mem. in Supp. of Motion at 4 n.1.] Thus, the Court refers to this individual as Jacobs throughout this order.

12.]

Plaintiff alleges that "[on] or about December 10, 2008, the Family Court of the First Circuit of the State of Hawaii [("the Family Court")] issued its 'Order re: [Mr. Casados's] Motion for Pre-Decree Relief Filed September 19, 2008' in the divorce matter of Charles Casados vs. Yoko Casados, FC-D No. 08-1-2749." [Id. at ¶ 14 (some alterations in Complaint).] She claims that the order ("Pre-Decree Relief Order") stated that Plaintiff and Mr. Casados were "restrained and enjoined from transferring, wasting or otherwise disposing any of his or her real or personal property, except as necessary, over and above current income, for the ordinary course of business or for usual, current living expenses" and that this language, among other things, forbade both of them from changing beneficiaries of life insurance policies. [Id. at ¶¶ 15-16.] Plaintiff alleges that two years later, on or about October 5, 2010, Mr. Casados violated that order by changing the beneficiaries of his $750,000 life insurance policy, numbered 1003123442, with Ameritas ("the Policy") from Plaintiff to Williams, Martinez, Jacobs, and Samuel Casados. [Id. at ¶ 17.] Plaintiff alleges that Ameritas confirmed the change with Mr. Casados but did not inform Plaintiff. [Id. at ¶ 18.]

On or about January 27, 2011, Mr. Casados died along with Stephanie Casados, Plaintiff and Mr. Casados's minor

daughter. [Id. at ¶ 19.] Plaintiff alleges this was before the Family Court finalized Plaintiff and Mr. Casados's divorce. [Id.] Shortly thereafter, when Plaintiff made a claim upon the Policy, she discovered the change in beneficiaries and, on or about February 15, 2011, she challenged the change through an email from her attorney Stephen Reese, Esq., to Drury, attaching the Pre-Decree Relief Order. [Id. at ¶¶ 20-22.] In response to an email from Drury, on or about May 11, 2011, Plaintiff wrote a letter to Ameritas, to the attention of Drury, asserting that the change in beneficiary violated the Pre-Decree Relief Order and thus it was "null and void." [Id. at ¶¶ 23-24.] Plaintiff alleges that on or about July 7, 2011, the Family Court dismissed the divorce case because Mr. Casados died before the divorce was granted, and two weeks later Drury informed Plaintiff that Mr. Casados's change of beneficiary was valid and Plaintiff was not entitled to any proceeds under the Policy. [Id. at ¶¶ 25-26.]

Plaintiff retained attorney Jared Kawashima, Esq., to contest Ameritas's decision. [Id. at ¶ 27.] She alleges that, on or about August 1, 2011, Mr. Kawashima informed Drury that Mr. Reese would forward the paperwork to collect on the rider for Stephanie Casados (which Reese eventually did in November 2011) and that he would keep Drury appraised of whether competing claimants from the Casados family would permit the Policy

proceeds to be put in an escrow account while they resolved the dispute over the proceeds. [Id. at ¶¶ 28-30, 35.] The next week, Plaintiff claims, Drury acknowledged receipt of the claims and stated that Ameritas would "wait for further instructions from Mr. Kawashima." [Id. at ¶ 31.] On or about November 15, 2011, attorney Everett Cuskaden, on behalf of Jacobs and as representative of the Casados Defendants, made an offer to distribute $350,000 to Plaintiff and distribute the remainder equally among the other beneficiaries. [Id. at ¶ 32.]

Plaintiff alleges that, on or about November 25, 2011, Mr. Kawashima accepted the offer to settle via letter on behalf of Plaintiff, and requested that Mr. Cuskaden draft a letter to Ameritas with signature lines for the parties to the agreement and the attorneys. [Id. at ¶¶ 33-34.] On or about December 13, 2011, Mr. Kawashima emailed Mr. Cuskaden, reiterating acceptance of the offer, and requesting a copy of the Policy for Plaintiff's accountant to review to determine possible tax ramifications. [Id. at ¶ 36.] Plaintiff claims that, on or about that same day, the Ameritas Defendants "allege that they received Plaintiff's signed disclaimer and that this disclaimer applied to all funds under [the Policy], not just the amount due and owing on account of Stephanie Casados' death," [id. at ¶ 37,] and thus they distributed the entire proceeds to the Casados Defendants [id. at ¶ 38].

5

Plaintiff alleges that neither the Ameritas Defendants nor the Casados Defendants informed her or Mr. Kawashima of the distribution. [Id. at ¶¶ 39-40.] On or about January 6, 2012, Mr. Kawashima sent a third email to Mr. Cuskaden, accepting the offer. [Id. at ¶ 41.] Plaintiff alleges that it was not until on or about January 11, 2012, that Mr. Kawashima "received a fax transmission from Mr. Cuskaden stating that the settlement offer was voided and retracted because the matter had already been resolved." [Id. at ¶ 42.] Around two weeks later, Drury informed Plaintiff that the proceeds had been paid out to the Casados Defendants on December 13, 2011. [Id. at ¶ 43.] Plaintiff alleges that, as a direct and proximate result of Defendants' knowing, intentional, deliberate and/or malicious acts, she suffered the loss of the proceeds and interest. [Id. at ¶¶ 44-45.]

The Complaint alleges the following claims: breach of the duty of good faith and fair dealing by the Ameritas Defendants (and Doe Defendants) under Haw. Rev. Stat. Chapter 431 ("Count I"); breach of the duty of good faith and fair dealing by the Casados Defendants (and Doe Defendants), related to the settlement negotiations ("Count II"); violation of Hawaii's Unfair and Deceptive Act or Practices ("UDAP") law against the Ameritas Defendants ("Count III"); conversion against all Defendants ("Count IV"); and unjust enrichment against the

6

Casados Defendants ("Count V").  [Id. at ¶¶ 46-61.]  Plaintiff seeks the following relief: a declaration of wrongdoing; general, special, and punitive damages, including the proceeds of the Policy and interest; attorneys' fees and costs as provided by Haw. Rev. Stat. Chapter 431; and treble damages under Haw. Rev. Stat. § 480-13.  [Id. at pg. 14, ¶¶ 1-4.]

**II.  Motion to Dismiss and Counterclaim**

On August 15, 2013, the Ameritas Defendants filed their Motion For Dismissal with Prejudice ("Motion to Dismiss").  [Dkt. no. 5.]  On October 1, 2013, the Casados Defendants filed a motion to join the Motion to Dismiss, and the Ameritas Defendants filed a statement of no opposition the following day.  [Dkt. nos. 33, 36.]  At a hearing on October 2, 2013 ("10/2/13 Hearing"), the Court orally denied the Motion to Dismiss without prejudice to filing a summary judgment motion, reasoning in part that the motion asked the Court to look at numerous documents outside of the Complaint, and Local Rule 56.1 requires that, to be considered a motion for summary judgment, the movant must file a separate concise statement of facts.  [10/2/13 Hrg. Trans., filed 10/7/13 (dkt. no. 38), at 7-8.]

On October 17, 2013, the Ameritas Defendants filed their answer and asserted the counterclaim at issue in this motion, against Plaintiff, individually and as the personal representative of the estates of Charles Casados ("Mr. Casados's

7

Estate") and Stephanie Fay Casados ("Stephanie Casados's Estate"), and against Plaintiff and Mr. Casados's surviving children, Charles Lee and Lisa Ann Casados ("the Casados Children"), and Does 1-10 ("Counterclaim"). [Dkt. no. 40 at pgs. 15-24.]

Similar to Plaintiff, in the Counterclaim, the Ameritas Defendants allege that in October 2010 Mr. Casados changed beneficiaries of the Policy, that Mr. Casados died in January 2011, and that Ameritas paid the proceeds to the Casados Defendants. [Id. at ¶¶ 9-11.] They claim that there is "now a controversy between Plaintiff and [the Ameritas Defendants], which also affects the rights and legal relations of [Plaintiff] as Personal Representative of the Estate of Charles Casados." [Id. at ¶ 12.] The Ameritas Defendants dispute Plaintiff's representation of the facts, moreover, explaining that if Mr. Casados breached the Pre-Decree Relief Order, "[Plaintiff's] remedy is a claim for the violation of the late Mr. Casados Estate, of which [Plaintiff] herself is the Personal Representative." [Id. at ¶¶ 13-15.]

The Ameritas Defendants cite to the transcript from the 10/2/13 Hearing, [10/2/13 Hrg. Trans. At 7,] and state that they "are informed by Plaintiff's counsel, and upon that basis allege, that there is now a second controversy between Plaintiff and [the Ameritas Defendants]," which affects the rights of Plaintiff as

8

the personal representative of the two Estates, Charles Lee Casados, Lisa Ann Casados, and the Casados Family Defendants. [Counterclaim at ¶ 16 (citation omitted).] They allege:

> Specifically, Plaintiff alternatively contend[ed] [at the 10/2/13 Hearing] that (1) under the Marital Settlement Agreement between Mr. and Mrs. Casados,[2] which the Family Court of the First Circuit ordered enforced on December 16, 2010, Mr. Casados may have been required to obtain $100,000 of life insurance on himself for each of Stephanie, Charles Lee [Casados], and Lisa [Ann Casados]; (2) Mr. Casados may have breached that Mr. [sic] obligation as to some or all of said children; (3) if Mr. Casados breached that obligation, [Plaintiff], and/or Stephanie's Estate, Charles Lee [Casados], and/or Lisa [Ann Casados], are entitled to become beneficiaries of Mr. Casados' Ameritas life policy to the extent of the breach, and Mr. Casados' named beneficiaries' shares of the proceeds must be correspondingly reduced; (4) [Plaintiff] may pursue and recover on claims against Ameritas, Drury, and Mr. Casados' named beneficiaries, for herself and/or for Stephanie's Estate, Charles Lee [Casados], and Lisa [Ann Casados], to the extent of any breach(es).

[Id. at ¶ 17.] The Ameritas Defendants allege that, in that

---

[2] The marital settlement agreement ("Marital Settlement Agreement") is not described in any detail in the Counterclaim. Rather, it was raised in Defendants' Motion to Dismiss and supporting papers. [Mem. in Supp. of Motion to Dismiss at 7-12 (citing Motion to Dismiss, Exhs. 8 (dkt. no. 7-7), 9 (dkt. no. 7-8), 10 (dkt. no. 7-9), 13 (dkt. no. 9-3)).] In essence, Defendants claim that, between the Pre-Decree Relief Order and the change of beneficiaries at issue in the Complaint, there was a Marital Settlement Agreement between Plaintiff and Mr. Casados that the Family Court witnessed and later ordered enforced, which required Mr. Casados to maintain part of the Policy as child support. [Id. at 9.] As mentioned here, Plaintiff's counsel raised the Marital Settlement Agreement at the 10/2/13 Hearing. [10/2/13 Hrg. Trans. at 7-14.]

9

event, only Stephanie Casados's Estate, and the Casados Children would have standing, and the only remedy would be against Plaintiff as personal representative of Mr. Casados's Estate. [Id. at ¶¶ 18-19.]

Further, the Ameritas Defendants allege that Mr. Casados never advised them about the Pre-Decree Relief Order or the Marital Settlement Agreement and, if they had known and Plaintiff had been entitled to the proceeds of the Policy, the Ameritas Defendants would have paid Plaintiff as due. [Id. at ¶¶ 20-21.] They appear to allege that, if a court, at some later date, found Plaintiff was entitled to part or all of the proceeds of the Policy based on the Pre-Decree Relief Order or the Marital Settlement Agreement, the Ameritas Defendants could recover the award from Plaintiff as personal representative of Mr. Casados's Estate based on a theory of negligent misrepresentation. [Id. at ¶¶ 22-23.] Similarly, if the Casados Children were owed anything, the Ameritas Defendants could recover from Mr. Casados' Estate under the same theory. [Id. at ¶¶ 24-26.]

The Ameritas Defendants pray for relief in the form of declaratory judgments stating, in effect:

> (1) if the Pre-Decree Relief Order enjoined Mr. Casados from changing beneficiaries, and if Mr. Casados violated that Order, Plaintiff's sole remedy would be against Mr. Casados's Estate;
>
> (2) if Mr. Casados breached the Marital Settlement Agreement by failing to obtain $100,000 of life insurance for his children, only they would have

10

standing to pursue the claims, and their only remedy would be against Mr. Casados's Estate, and they would have no rights against the Ameritas Defendants;

(3) if Plaintiff is entitled to proceeds of the Policy based on either the Pre-Decree Relief Order or the Marital Settlement Agreement, and the Ameritas Defendants are liable to her, they may recover from Plaintiff as personal representative of Mr. Casados's Estate based on negligent misrepresentation; and

(4) if any of the children are entitled to be paid based on either the Pre-Decree Relief Order or the Marital Settlement Agreement, and the Ameritas Defendants are liable, they may recover from Plaintiff as personal representative of Mr. Casados's Estate based on negligent misrepresentation.

[Id. at pgs. 22-24, ¶¶ 1-4.] The Ameritas Defendants also request attorneys' fees and costs. [Id. at pg. 24, ¶¶ 5-6.]

## DISCUSSION

The Ameritas Defendants' Counterclaim seeks to "free themselves from such potential and future claims against themselves" by the Casados Children. [Mem. in Opp. at 7.] The Ameritas Defendants do not, however, have standing to assert the rights of the third-party children.

> It is a well-established rule that a litigant may assert only his own legal rights and interests and cannot rest a claim to relief on the legal rights or interests of third parties. Singleton v. Wulff, 428 U.S. 106, 113-14, 96 S. Ct. 2868, 49 L. Ed. 2d 826 (1976); Warth [v. Seldon], 422 U.S. [490,] 499, 95 S. Ct. 2197 [(1975)]. As the prohibition against third-party standing is prudential, rather than constitutional, the Supreme Court has recognized exceptions to this general rule. . . .

11

> We have recognized the right of litigants to bring actions on behalf of third parties, provided three important criteria are satisfied: The litigant must have suffered an "injury in fact," thus giving him or her a "sufficiently concrete interest" in the outcome of the issue in dispute; the litigant must have a close relation to the third party; and there must exist some hindrance to the third party's ability to protect his or her own interests.
>
> [Powers v. Ohio, 499 U.S. 400, 410-11, 111 S. Ct. 1364, 113 L. Ed. 2d 411 (1991)] (citations omitted); see also Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992); Shaw v. Hahn, 56 F.3d 1128, 1130 n. 3 (9th Cir. 1995) (third party must have suffered an injury-in-fact) (citing Singleton, 428 U.S. at 112-16, 96 S.Ct. 2868).

Coal. of Clergy, Lawyers, & Professors v. Bush, 310 F.3d 1153, 1163 (9th Cir. 2002). An injury-in-fact must be "(a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical[.]" Ibrahim v. Dep't of Homeland Sec., 669 F.3d 983, 992 (9th Cir. 2012) (citations and quotation marks omitted).

Here, Plaintiff and Lisa Ann Casados argue that the Ameritas Defendants seek a declaratory judgment that is hypothetical and does not constitute injury-in-fact:

> <u>if</u> Charles Lee [Casados and] Lisa [Ann Casados] . . . were entitled to be paid some of the policy proceeds under the Marital Settlement Agreement, <u>and</u> [Ameritas] Counterclaimants <u>are liable to them or some of them for the amount(s) they should have been paid</u> . . . [Ameritas] Counterclaimants are entitled to recover all such amounts from Plaintiff as Personal Representative of the Estate of Charles Casados.

[Mem. in Supp. of Motion at 12 (alterations and emphases in Mem.)

12

(quoting Counterclaim at pg. 23, ¶ 4)]. Plaintiff and Lisa Ann Casados are correct that this alleged future injury is insufficient to meet the injury-in-fact requirement as it is entirely speculative. Multiple hypothetical events must come to pass and, only then, the Ameritas Defendants might suffer some injury. See Ibrahim, 669 F.3d at 992.

Further, the Casados Children do not have any relationship with the Ameritas Defendants. Nor have the Ameritas Defendants pled any facts to show that the Casados Children are unable to protect their own interests. For these reasons, the Ameritas Defendants do not have standing to assert the rights of the Casados Children. See Powers, 499 U.S. at 411.

The case that the Ameritas Defendants rely on, Beacon Theaters, Inc. v. Westover, 359 U.S. 500 (1959), is not to the contrary. While the Ameritas Defendants are correct that the Declaratory Relief Act, 28 U.S.C. § 2201, "'allow[s] prospective defendants to sue to establish their nonliability[,]'" [Mem. in Opp. at 4, 8-9 (quoting Beacon Theaters, 359 U.S. at 504),] it says nothing about a defendant's ability to bring a counterclaim against a third-party in litigation that it did not initiate. The Ameritas Defendants are free to file suit under the Declaratory Judgment Act for prospective relief, see 28 U.S.C. § 2201, but they have not done that.

Instead, the Ameritas Defendants argue that they have

> counterclaimed for declaratory relief, and joined
> [Charles Lee Casados] and Lisa [Ann Casados] as
> counterclaim defendants as permitted by FRCP Rules
> 13(h) and 19 and 20, to enable themselves to
> obtain complete relief herein, in this single
> action, from all present and potential claims,
> cross-claims, counterclaims and third-party claims
> against them relating to Mr. Casados' policy's
> proceeds.

[Mem. in Opp. at 3-4.] In actuality, however, it appears that the Ameritas Defendants have raised a counterclaim against three individuals – Mrs. Casados, and the two Casados Children – and have not moved to join anyone. This is an improper use of Fed. R. Civ. P. 13. Rule 13(a) and (b) allow a party to bring a counterclaim against an "opposing party." See Fed. R. Civ. P. 13(a) ("Compulsory Counterclaim. . . . A pleading must state as a counterclaim any claim that – at the time of its service – the pleader has against an **opposing party** . . . ." (emphasis added)), (b) ("Permissive Counterclaim. A pleading may state as a counterclaim against an **opposing party** any claim that is not compulsory." (emphases added)). The Casados Children are not before the Court, and thus neither Lisa Ann Casados nor Charles Lee Casados is an "opposing party" as required by the Rule:

> Whatever flaws Rule 13 may have, it at least
> has the virtue of clarity. The plain meaning of
> "opposing party" is a party to the lawsuit - that
> is, a named party who asserted a claim against the
> counterclaimants. To accept the expansive
> definition of this term espoused by defendants
> would erode the Rule's clarity to the point that
> litigants would simply have to guess in each

14

> individual case whether a court would determine that a potential defendant to a counterclaim is an "opposing party." While other Circuits have carved exceptions to this plain meaning in instances where there was no question that the counterclaim defendant was in all salient legal respects identical to a named party, such is not the case here. As noted above, defendants have not presented any argument that Blankenship is actually "one and the same" as GIA-GMI, controls this litigation on behalf of GIA-GMI, or is the alter ego of GIA-GMI, and therefore these exceptions do not apply.
>
> . . . .
>
> Be that as it may, the Court is not free to extricate defendants from the obligation to jump through "procedural hoops" prescribed by the Federal Rules simply because they make bringing claims slightly more burdensome. Indeed, a primary Purpose of the Federal Rules is to reduce litigation. See, e.g., Dill Mfg. Co. v. Acme Air Appliance Co., 2 F.R.D. 151, 153 (E.D.N.Y. 1941) (purpose of Federal Rules of Civil Procedure is to reduce the amount of litigation, to narrow the issues, to avoid surprises, and to promote justice). Accordingly, the First Amended Counterclaim should be dismissed.

GIA-GMI, LLC v. Michener, No. C 06-7949 SBA, 2007 WL 1655614, at *4-5 (N.D. Cal. June 7, 2007).

Similarly, the Ameritas Defendants have made no showing that they are entitled to include the Casados Children as counterclaim defendants under Rule 13(h). Rule 13(h) states: "Rules 19 and 20 govern the addition of a person as a party to a counterclaim or crossclaim." The plain reading of the rule is that the proper use of Rule 13(h) is to bring a counterclaim against a party and then add a non-party to the same claim. See

also <u>Levine v. Landy</u>, 860 F. Supp. 2d 184, 187-88 (N.D.N.Y. 2012) ("'if a counterclaim or crossclaim has been properly asserted, then any person whose joinder in the original action would have been possible . . . may be added as a party to the counterclaim or crossclaim.'" (quoting 6 Charles Alan Wright et al., Federal Practice and Procedure § 1434 (3d ed. 2012))). The Ameritas Defendants have not offered any explanation of how they intend to use Rule 13(h), and it appears to the Court that the Crossclaim is an attempt to bring a new claim against the Casados Children and then include Plaintiff so as to afford complete relief. Such a use would, in essence, invert the Rule. Thus, the Ameritas Defendants' attempted Counterclaim, through the use of Rule 13, is improper as to the Casados Children.

Even if they had properly moved the Court to bring the Counterclaim against the Casados Children under Fed. R. Civ. P. 13, the Ameritas Defendants have not proven that they meet the standard for compulsory joinder under Rule 19.[3] Fed. R. Civ. P. 19(a)(1) states, in part:

> Required Party. A person who is subject to

---

[3] Nor have the Ameritas Defendants proven that they can meet the standard under Rule 20 for permissive joinder. Rule 20 gives the Court the discretion to allow joinder where it finds that the third-party's claims "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences" as the plaintiff's. The Ameritas Defendants have made no showing that the Casados Children's speculative claims have or would have anything to do with the claims that Plaintiff made to the Policy proceeds in 2011 that are the basis of this lawsuit.

>     service of process and whose joinder will not
>     deprive the court of subject-matter jurisdiction
>     must be joined as a party if:
>
>     . . . .
>
> > (B) that person claims an interest relating
> > to the subject of the action and is so
> > situated that disposing of the action in the
> > person's absence may:
> >
> > > (i) as a practical matter impair or
> > > impede the person's ability to protect
> > > the interest; or
> > >
> > > (ii) leave an existing party subject to
> > > a substantial risk of incurring double,
> > > multiple, or otherwise inconsistent
> > > obligations because of the interest.

The Ameritas Defendants have not met their burden of proving that the Casados Children are necessary parties.

First, the Ameritas Defendants have not made any showing that Plaintiff does not adequately represent the Casados Children's interests. Even "[i]f a legally protected interest exists, the court must further determine whether that interest will be impaired or impeded by the suit. Impairment may be minimized if the absent party is adequately represented in the suit." Salt River Project Agric. Improvement & Power Dist. v. Lee, 672 F.3d 1176, 1180 (9th Cir. 2012) (alteration in Salt River Project) (quoting Shermoen v. United States, 982 F.2d 1312, 1318 (9th Cir. 1992)) (some citations and internal quotation marks omitted). As Plaintiff and Lisa Ann Casados argue, Plaintiff is protecting the Casados Children's interest "by

17

advancing the arguments that the [P]olicy proceeds were owed and due to Plaintiff Mrs. Casados in the divorce proceedings as child support for Counterclaim Defendants Lisa Ann [Casados] and [Charles Lee Casados] for whom Mrs. Casados was responsible in the course of their care and upbringing." [Reply at 7.]

Further, the Ameritas Defendants have made no showing that there is a substantial risk of multiple or inconsistent obligations. Since Plaintiff does not dispute the allegations in the Counterclaim as to herself, nor that she has properly been sued as trustee of Mr. Casados's Estate, this litigation may actually resolve any claims on behalf of the Casados Children, and as Plaintiff and Lisa Ann Casados argue, the "original Complaint filed herein can be characterized as an indemnification and/or contribution action against Ameritas Counterclaimants for the insurance proceeds on behalf of the interests of Lisa Ann [Casados] and [Charles Lee Casados]." [Id. at 7-8.] The Ameritas Defendants plead no facts showing a substantial risk of multiple obligations.

For these reasons – the Ameritas Defendants do not have standing to assert the rights of the Casados Children, they have improperly filed a counterclaim against the Casados Children, and they have made an insufficient showing that the Casados Children should be joined – the Ameritas Defendants' Counterclaim is HEREBY DISMISSED against the Casados Children. Since, however,

18

it is not clear that amendment to add back in the Casados Children would be futile, the dismissal is WITHOUT PREJUDICE. See Harris v. Amgen, Inc., 573 F.3d 728, 737 (9th Cir. 2009) (holding that dismissal with prejudice is improper unless "the complaint could not be saved by any amendment" (citation omitted)). The Ameritas Defendants have the option of filing a first amended counterclaim by July 8, 2014.[4]

**CONCLUSION**

On the basis of the foregoing, the Motion to Dismiss Counterclaim Filed on October 17, 2013, as to Counterclaim Defendants Charles Lee Casados and Lisa Ann Casados, filed January 16, 2014 is HEREBY GRANTED. The Ameritas Defendants' Counterclaim is DISMISSED WITHOUT PREJUDICE as to Charles Lee Casados and Lisa Ann Casados.

IT IS SO ORDERED.

---

[4] The Ameritas Defendants filed their First Amended Counterclaim on July 8, 2014. [Dkt. no. 126.]

DATED AT HONOLULU, HAWAII, August 6, 2014.



　　　　　　　　　　　　　　　　 /s/ Leslie E. Kobayashi
　　　　　　　　　　　　　　　　Leslie E. Kobayashi
　　　　　　　　　　　　　　　　United States District Judge

**YOKO CASADOS VS. LORI A. DRURY, ET AL; CIVIL 13-00283 LEK-RLP; AMENDED ORDER GRANTING COUNTERCLAIM DEFENDANTS LISA ANN CASADOS AND YOKO CASADOS' MOTION TO DISMISS COUNTERCLAIM FILED ON OCTOBER 17, 2013, AS TO COUNTERCLAIM DEFENDANTS CHARLES LEE CASADOS AND LISA ANN CASADOS**